**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUNICO PAUL CORNELES
WOROTIKAN,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 07-71765

Agency No. A078-020-263

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2011[**]
San Francisco, California

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Junico Paul Corneles Worotikan ("Worotikan") is a native and citizen of

Indonesia. Worotikan seeks withholding of removal and protection under the

United Nations Convention Against Torture ("CAT") because he fears that if he

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

were to return to Indonesia, he would be persecuted and tortured by local Muslims on account of his Christian religion. The immigration judge ("IJ") found Worotikan credible but concluded that Worotikan had no objectively well-founded fear of persecution and had not established a likelihood of torture by or with the acquiescence of the government. The Board of Immigration Appeals ("BIA") adopted this decision.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's legal determinations de novo and its factual determinations for substantial evidence. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). Because the BIA adopted the IJ's opinion in full, we also look at the IJ's reasoning. *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc). We grant in part and deny in part Worotikan's petition for review.

The facts are known to the parties, and we do not repeat them.

Worotikan claims that he will more likely than not be persecuted because as a Christian, he is a member of a disfavored group in Indonesia. *Wakkary*, 558 F.3d at 1062-64. The BIA determined that the level of risk to Christians in Indonesia did not warrant relief, but since the BIA's decision, we have concluded that "Christian Indonesians are a disfavored group." *Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010). Because the BIA decided Worotikan's appeal before

2

we issued our decision in *Tampubolon*, we grant the petition for review with respect to Worotikan's withholding claim and remand for the BIA to conduct is disfavored group analysis in light of *Tampubolon*. *See id.* ("[W]e must remand to the BIA for it to determine whether the combination of disfavored group evidence and evidence of individualized risk is sufficient to establish a clear probability that petitioners will be persecuted if removed to Indonesia.").

Worotikan also claims that because he is a Christian, he will more likely than not be tortured if he returns to Indonesia. As in *Wakkary*, Worotikan has "presented some evidence that torture occurs in Indonesia . . . but he has offered no evidence that he is likely to find himself in such a position." *Wakkary*, 558 F.3d at 1068. Because Worotikan presented evidence only of potential persecution and not of torture, he has failed to establish eligibility for CAT relief. *See id.* We therefore deny the petition for review with respect to Worotikan's CAT claim.

PETITION GRANTED in part, DENIED in part, and REMANDED.

Each party shall bear its own costs on appeal, without prejudice to any further proceedings.